UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D. WESTWOOD, INC., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>MICHAEL GRASSO,<br><br>        Defendant. | 2:12-CV-1227 JCM (CWH) |

**ORDER**

Presently before the court is *pro se* defendant Michael Grasso's motion to vacate temporary restraining order and permanent injunction. (Doc. #4).

Plaintiffs D. Westwood, Inc., et. al. filed the instant case in state court on June 7, 2012. (Doc. #1, Ex. 1). The complaint asserts that defendant breached a settlement agreement which included a confidentiality provision. (Doc. #1, Ex. 1). The confidentiality provision allegedly prohibited defendant from "making any disparaging or defamatory statements in writing or verbally 'directly or indirectly' against" Treasures Gentlemen's Club ("Treasures") and Hassan and Ali Davari. (Doc. #1, Ex. 1).

The complaint further alleges that Grasso breached the confidentiality provision by sending a written statement to Steve Sisolak, the county commissioner, which consisted of false allegations while Treasures was applying for a new liquor license. (Doc. #1, Ex. 1). Accordingly, the complaint alleges three claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) injunctive relief. (Doc. #1, Ex. 1).

**James C. Mahan**
**U.S. District Judge**

1    Defendant alleges that the state court judge issued a temporary restraining order on or about
2    June 12, 2012. (Doc. #1). Pursuant to the terms of the temporary restraining order, defendant could
3    "not make affirmative statements about plaintiffs but if questioned by a public body such as County
4    Commissioners, the restraining order would not prevent him from answering." (Doc. #1, Ex. 2).
5    On June 25, 2012, the state court held a hearing on plaintiffs' motion for preliminary injunction.
6    (Doc. #1, Ex. 5).  The court took the matter under advisement, and then issued a preliminary
7    injunction on June 26, 2012, under substantially similar terms as the temporary restraining order.
8    (Doc. #1, Ex. 6). Defendant removed the action to this court on July 11, 2012. (Doc. #1).

9    Although *pro se* defendant captioned his motion as a motion to vacate temporary restraining
10   order and permanent injunction, it does not appear that there is either a temporary restraining order
11   or permanent injunction in this case. Instead, based on the assertions in defendant's motion and the
12   attached documents, this instant motion appears to be a motion to vacate a preliminary injunction
13   issued by the state court.

14   When defendant filed the instant motion, CM/ECF did not automatically generate a response
15   date. The court finds that briefing on this motion is necessary.

16   Accordingly,

17   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs shall file an
18   opposition on or before August 6, 2012. Defendant may file a reply within seven days of plaintiffs'
19   opposition.

20   DATED July 31, 2012.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**