# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

D. WESTWOOD, INC., et al.,

    Plaintiffs,

v.

MICHAEL GRASSO,

    Defendant.

2:12-CV-1227 JCM (CWH)

# ORDER

On July 11, 2012, this case was removed to this court from state court. (Doc. # 1). After reviewing the petition for removal for proper jurisdiction, this court, *sua sponte*, remands this case to state court for lack of subject matter jurisdiction.[1]

I. **Factual Background**

Plaintiffs are two owners of a gentlmen's club, Hassan Davari and Ali Davari, and the entity itself, D. Westwood, Inc. d/b/a Treasures Gentlmen's Club (collectively, "Westwood"). (Doc. # 1, Ex. 1, 1:23-27). On March 2, 2011, Westwood and Grasso entered into a settlement and release agreement in connection with a case in state court, *Grasso v. D. Westwood, Inc., d/b/a Treasures Gentleman's Club, et al.*, case number A56006. (Doc. # 1, Ex. 1, 2:5-9). As part of the settlement agreement Grasso was prohibited from making any disparaging or defamatory statements in writing

---

[1] The court acknowledges that pending before the court is plaintiffs D. Westwood, et al.'s motion to remand to state court (doc. # 14) and Michael Grasso's motions to vacate a temporary restraining order and permanent injunction (doc. # 4). Neither is ripe for decision at this time.

**James C. Mahan**
**U.S. District Judge**

1  or verbally, "directly or indirectly." (Doc. # 1, Ex. 1, 2:16-18). After entering into this agreement,
2  Grasso allegedly contacted (a) member(s) of the Clark County Commission in an attempt to impede
3  Westwood's ability to obtain a liquor license to operate a gentlmen's club in Clark County, Nevada.
4  (Doc. # 1, Ex. 1, 3-4)

5        On June 7, 2012, Westwood filed an action against Grasso in the Eighth Judicial District
6  Court for breach of the settlement agreement. (Doc. # 1, Ex. 1). The complaint alleges breach of
7  contract, breach of the implied covenant of good faith and fair dealing, and a claim for injunctive
8  relief; case number A-12-663092-C. (Doc. # 1, Ex. 1). Following the complaint, Westwood filed an
9  ex parte application for a temporary restraining order and a motion for preliminary injunction on
10 order shortening time. (Doc. # 1, Ex. 2). On June 12, 2012, the state court issued a temporary
11 restraning order barring Grasso from making affirmative statements about Westwood to a public
12 body, but if questioned by the public body, Grasso could answer. (Doc. # 1, Ex. 2).

13       On July 11, 2012, defendant filed a petition for removal in this court to remove case number
14 A-12-663092-C from state to federal court. (Doc. # 1). That same day, Grasso filed a motion to
15 vacate the state issued temporary restraining order. (Doc. # 4). On August 10, 2012, Westwood
16 moved to remand the case to state court. (Doc. # 14).

17       On August 15, 2012, Grasso filed a supplemental status report (doc. # 20) stating that the
18 Clark County Planning Commission, at which Grasso would like to make affirmative statements
19 about Westwood, is holding a meeting on August, 21, 2012 (doc. # 20, ex. 1-3).

20 **I.**    **Discussion**

21     A.    Legal Standard

22 An action filed in state court may be removed to federal court if the federal court would have
23 had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). This court has original
24 subject matter jurisdiction over two types of cases. First, pursuant to its diversity jurisdiction, the
25 court may preside over suits between citizens of different states where the amount in controversy
26 exceeds to sum or value of $75,000. 28 U.S.C. § 1332(a). Second, pursuant to 28 U.S.C. § 1331, this
27 court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

treaties of the United States."

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on motion of a party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). In deciding whether removal was proper, courts strictly construe the statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003).

B. Analysis

1. *Diversity Jurisdiction*

Grasso attempts to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332 by demonstrating that the amount in controversy exceeds $75,000 and complete diversity among the parties.

a. *Amount in Controversy*

Grasso states that the amount in controversy exceeds $75,000 because he argues that Westwood is "seeking to recoup [the amount of money he received under the settlement agreement] as damages for breach" (doc. # 1, 5:23) and that this amount is "well in excess of" $75,000 (doc. # 1, 5:22). However, Grasso does not provide any exhibits establishing this larger amount and Westwood alleges only $10,000 in damages in its complaint (doc. # 1, ex. 1, 4:26). Thus, the amount in controversy requriement has not been established.

b. *Complete Diversity*

It is well settled that in the context of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).

. . .

Grasso states that he is a resident of Nevada (doc. # 1, 5:10) and that the Davaris are residents of Texas (doc. # 1, 5:8-10), thus establishing "complete diversity of the real parties" (doc. # 1, 5:26). Grasso, however, fails to appreciate the importance of Westwood's incorporation in the state of Nevada. Because Westwood is incorporated in the same state Grasso is domiciled, complete diversity does not exist among the parties.

        c.    *Forum Defendant Rule*

Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

As discussed, Grasso states that he is a resident of Nevada. (Doc. # 1, 5:10). Because this action was filed in state court in Nevada and because Grasso is domiciled in Nevada, the forum defendant rule bars Grasso from removing this action to federal court.

    2.    <u>*Federal Question Jurisdiction*</u>

Grasso also attempts to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 by showing constitutional and federal laws that have been allegedly violated by Westwood.

A suit arises "under the Constitution, laws, or treaties of the United States," if "the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). As explained by the Supreme Court, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998).

Grasso argues that federal question jurisdiction is implicated for two reasons. First, Grasso argues that the state issued temporary restraining order constitutes a prior restraint on free speech and thus violates his First Amendment right. (Doc. # 1, 6:20-22). Second, Grasso argues that Westwood's complaint is a SLAPP (strategic lawsuit against public participation) lawsuit "intended to censor, intimidate, and silence critics by burdening them with the costs of a legal defense until they abandon their criticism or opposition." (Doc. # 1, 7:3-5).

**James C. Mahan**
**U.S. District Judge**

- 4 -

But Grasso's analysis of the state court proceedings does not demonstrate a suit "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Instead, Grasso provides the court with alleged violations that would serve as the basis of his own complaint against Westwood, but does not serve as grounds to remove Westwood's case against him to this court.

The causes of action in the state court complaint are each based on Nevada state law (breach of contract, breach of the implied covenant of good faith and fair dealing, and a claim for injunctive relief) thus there are no federal laws stated on the face of the complaint or implicated by the alleged causes of action.

### III. Conclusion

Based on the foregoing discussion, this court lacks subject matter jurisdiction under both 28 U.S.C. § 1332 and 28 U.S.C. § 1331.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this matter be, and the same hereby is, REMANDED to state court due to this court's lack of subject matter jurisdiction.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that D. Westwood, et al.'s motion to remand to state court (doc. # 14) and Grasso's motions to vacate a temporary restraining order and permanent injunction (doc. # 4), to unseal unredacted documents (doc. # 3), and to file for pro se litigant to file electronically (doc. # 10) be, and the same hereby are, moot due to this court's lack of subject matter jurisdiction.

DATED August 17, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -